418 F.2d 916
 Annette Bodone GIOVINAZZI, Appellant,
v.
Edward CHANDLER, Union Realty Corporation, a N. J. Corp., Chimney Rock Realty Corporation, a N. J. Corp., Chandler Realty Company, Inc., a N. J. Corp., and Gibralter Structures, Inc., a N. J. Corp.
 No. 17787.
 United States Court of Appeals Third Circuit.
 Argued September 25, 1969.
 Decided November 5, 1969.
 
 Benjamin H. Chodash, Krieger, Chodash & Politan, Jersey City, N. J., for appellant.
 Charles S. Gaines, Newark, N. J., for appellees.
 Before HASTIE, Chief Judge, and McLAUGHLIN and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The appellant, a lessor, of realty is here during the term of a lease, seeking damages measured by the rental value of an additional building which the tenant had constructed on the demised premises after taking possession under the lease.
 
 A paragraph of the lease reads as follows:
 
 2
 "SEVENTH: Any alterations, additions, and changes that Tenant desires to make to the demised premises shall be at its own cost and expense, and all such alterations, additions and changes (except Tenant's machinery or trade fixtures) which are attached in such manner that their separation from the premises will result in injury to the premises, are immediately to merge and become a permanent part of the realty, and all interest of Tenant therein shall become immediately vested in Landlord."
 
 
 3
 The lessor contends that because the new building was not attached to any preexisting structure it was not such an "addition" as the quoted paragraph contemplated. However, that paragraph covers "additions . . . to the demised premises," not merely additions to existing structures. And a reading of the lease makes it clear that "demised premises" includes land and buildings.
 
 
 4
 We agree with the district court that the lease authorized the additional structure in question and that the lessor is entitled to no more than the resultant advantage for which she bargained; namely, the incorporation of the new structure into the realty.
 
 
 5
 The judgment will be affirmed.